IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC STEPHEN HADNOTT,<br><br>Defendant. | CR 23-129-BLG-SPW<br><br>ORDER RESETTING TRIAL<br>AND SCHEDULING DEADLINES |

Defendant appeared for a change of plea hearing before U.S. Magistrate Judge Timothy J. Cavan in open court on April 11, 2024. United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendation in this matter on April 11, 2024 wherein Magistrate Judge Cavan advised that based on the information presented at the hearing, he was unable to find a sufficient factual basis for Defendant's plea to Count 2 of the Indictment and therefore did not accept his guilty plea (Doc. 52 at 1). No objections having been filed within fourteen days thereof,

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 52) are ADOPTED IN FULL.

It would be prejudicial to Eric Stephen Hadnott to deny him additional time to adequately prepare for trial. Accordingly, I find the ends of justice served by

1

granting a continuance outweigh the best interests which the public and the defendant has in a speedy trial, and that the period delay is reasonable. Therefore,

**IT IS HEREBY ORDERED** that the Defendant's Unopposed Motion to Change Plea (Doc. 44) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a trial with a jury is reset for **9:00 a.m. on Monday, June 3, 2024,** before the Honorable Susan P. Watters. Counsel should be in the Snowy Mountains Courtroom at 8:30 a.m. for a Final Pretrial Conference. For the purposes of the Speedy Trial Act, the days between the date of this Order and June 3, 2024 are excludable for all Defendants under 18 U.S.C. Section 3161(h)(7)(A). All Defendants are carried along in this continuance pursuant to 18 U.S.C. Section 3161(h)(6); United States v. Butz, 982 F.2d 1378, 1381 (9th Cir.), cert. denied, 510 U.S. 891 (1993).

IT IS FURTHER ORDERED that the scheduling deadlines shall be reset as follows:

| | |
|---|---|
| Motion for Change of Plea Deadline: | **May 20, 2024** |
| Jury Instructions, Trial Briefs, and Trial Notebooks Deadline: | **May 28, 2024** |
| Notice of Intent to Use Real-Time, Present Evidence Electronically or Video Conferencing for Witnesses: | **May 28, 2024** |

2

| | |
|---|---|
| *ANY MOTIONS TO CONTINUE TRIAL* Deadline* *(In Order to Allow the Jury Clerk Sufficient Time to Notify Prospective Jurors); failure to comply may subject counsel to sanctions.* | May 20, 2024 |
| Plea Agreement Deadline: | **48 hours prior to Change of Plea hearing** |

This schedule must be strictly adhered to by the parties.

To efficiently prepare for trial within the times set above,

**IT IS FURTHER ORDERED:**

1. This case will be governed by current Federal Rules of Evidence and Local Rules of Procedure for the United States District Court for the District of Montana.

2. Any party to a criminal proceeding requesting service of a criminal summons or subpoena by the United States Marshals Service must notify the Marshal of the request, along with all documentation necessary to effectuate service, no later than twenty-one (21) days before the desired date of service. A lesser time period may be allowed only upon motion and good cause shown pursuant to Local Rule CR 17.2. Except for good cause shown, service of subpoenas after said date is the responsibility of counsel.

---

*All motions to continue filed by defense counsel must include a suggested future date or time frame for the Court's use in resetting the trial. In addition, defense counsel is directed to notify the Court in the motion whether the defendant is in custody.

3

3. **Calling witnesses at trial:** When a witness is called to testify at trial, counsel shall provide to the clerk of court **four (4) copies** of a single page document providing the following information about the witness: 1) the full name and current address of the witness; 2) whether the witness has given a statement (taped), a written statement, an interview with government agents (other than an AUSA), or grand jury testimony; 3) a brief description of the nature and substance of the witness's testimony; 4) a listing of each exhibit to which the witness may refer during direct examination.

4. Any petition for a writ of habeas corpus ad testificandum or prosequendum, along with a proposed order, must be filed no later than thirty (30) days prior to the trial date for federal inmates, and no later than ten (10) days prior to the trial date for state prison or county jail inmates.

5. The United States **shall** submit a trial brief at the same time jury instructions are submitted. The defendant may submit a trial brief. All trial briefs shall include legal authority for the party's position on all legal and evidentiary issues. **All trial briefs must be filed with the Clerk of Court and served on the other parties.**

6. The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations. JERS is NOT designed to present evidence in the courtroom. Counsel are responsible for showing their own exhibits during trial. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys". Parties must submit their exhibits in proper form to the clerk's office no later than one week before trial.

7. In the absence of a signed plea agreement by the date specified above, the Clerk of Court will order a jury. **Except for good cause shown, no plea agreement will be considered by the Court thereafter.** Late filing may result in assessment of costs or the loss of the offense

level reduction available pursuant to U.S.S.G. §3E1.1.  **Plea agreements shall state clearly whether they are made pursuant to Rule 11(c)(1)(A), (B) or (C), Fed.R.Crim.P.**

8. Originals of proposed *voir dire* questions shall be filed with the Clerk of Court at the same time as proposed jury instructions.  One Word or WordPerfect version shall be e-mailed to the Chambers of Judge Watters at spw_propord@mtd.uscourts.gov.

9. The parties shall submit a joint proposed verdict form with the proposed jury instructions by the date specified above.  If the parties are unable to agree on a verdict form, each party shall submit an individual proposed verdict form.

10. **JURY INSTRUCTIONS:**

    (a) <u>The parties shall avoid filing duplicate instructions by jointly preparing a set of jury instructions upon which they agree (proposed joint instructions)</u>.  These proposed jury instructions shall include all necessary stock criminal instructions.  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.**

    (b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth above, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.

    (c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth above, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the

           same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.

    (d)  <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth above, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.

11.    **FORMAT OF JURY INSTRUCTIONS**

    (a)  The **clean copy** shall contain
1) a heading reading "Instruction No. ___";
2) the text of the instruction;
3) no citations or markings other than the text.

    (b)  The **working copy** shall contain
(1) a heading reading "Instruction No. ___";
(2) the text of the instruction;
(3) the number of the proposed joint or supplemental instruction;
(4) the legal authority for the instruction;
(5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)  Jury instructions shall be prepared in **Times New Roman Font and 14 point typeface**.

12.    The parties are advised that final instructions for submission to the jury will be settled in in the courtroom, on the record, prior to closing argument, at which time counsel may present arguments and make objections.

13. All instructions shall be short, concise, understandable and shall represent <u>neutral</u> statements of the law. Argumentative instructions are improper, will not be given, and should not be submitted. <u>The parties are strongly encouraged to submit proposed instructions taken from the most recent version of the Manual of Model Criminal Jury Instructions for the Ninth Circuit.</u>

14. The parties should also note that any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or DeVitt and Blackmar (or any other form instructions), must specifically state modification made to the original form instruction and the authority supporting the modification.

15. **Exhibits:** The United States shall use exhibit numbers 1-499 and defendants shall use 500 and up. In no event shall two or more parties use identical exhibit numbers.

16. **Judge's Trial Notebook**: If the case proceeds to trial, the United States shall prepare and submit **three (3)** trial notebooks in accordance with the deadline set forth above. The trial notebooks shall include an index; the charging document; relevant statutes; parties' trial briefs, proposed *voir dire*, witness lists, exhibit lists, proposed jury instructions and verdict forms; and relevant orders entered in the case.

17. **Jury Lists:** Local Rule CR 55.1 requires the Clerk of Court to seal the list of all trial jurors and prospective jurors called for each criminal case immediately at the conclusion of trial. Such lists shall remain sealed unless otherwise ordered by the Court. All juror lists retained by defense counsel shall not be released to a defendant without express written Order of the Court, upon formal motion.

18. **Failure to comply with any of the above requirements may subject the non-complying party and/or its attorneys to sanctions.**

//
//

7

The Clerk of Court is directed to notify the parties of the making of this order.

DATED this 26th day of April, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge